[699 NYS2d 61]

In the Matter of SERGIO LINIETSKY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 22, 1999

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn (*Susan Korenberg* and *Robert J. Saltzman* of counsel), for petitioner.

*Simonson & Cohen, P. C.,* Staten Island (*James R. Cohen* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition, dated June 9, 1998, containing five charges of professional misconduct against him. Charges Two and Five were withdrawn by the Grievance Committee at different stages of the hearing. The Special Referee sustained the three remaining charges after a hearing. The Grievance Committee now moves to confirm the Special Referee's findings and to impose such discipline as the Court deems appropriate. The respondent has submitted papers in partial opposition seeking either to censure him for the professional misconduct alleged or to suspend him for the period of time already served, to wit, December 15, 1995 to May 14, 1998.

Charge One alleged that the respondent has engaged in a pattern of threatening, harassing, and extortionate behavior, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

In or about February 1994, the respondent telephoned Leonard Zack, attorney for George & Sons Auto Repair Shop (hereinafter the repair shop), and threatened to implicate him in a murder if the respondent's automobile was not promptly released from the repair shop. The respondent also demanded $2,000 in five dollar bills.

In or about February 1994, the respondent telephoned Robert Fogelnest, attorney for the repair shop, and threatened to implicate him in a murder if the respondent's automobile was not promptly released from the repair shop.

In or about February 1994, the respondent telephoned Craig Bertagni, an employee of the repair shop, and threatened to implicate him in a murder if the respondent's automobile was not promptly released from the auto repair shop. The respon-

dent also demanded $2,000 in five dollar bills. The respondent continuously called Mr. Bertagni between February 1994 and March 1994 and repeated his earlier threats.

On or about March 16, 1994, the respondent telephoned Public School No. 11 in Woodside, where his client Clara Lopez worked, and threatened to report her to authorities and have her children deported if she failed to pay a legal fee to which he claimed entitlement.

On or about March 17, 1994, the respondent again telephoned Public School No. 11 with threats to have Ms. Lopez's supervisor, Dr. Amenoyanis, fired.

On or about December 2, 1994, the respondent stated to Richard Lawrence, a tenant in his building, that he would ruin the building. The respondent, using graphic and obscene language, threatened to hire men to sodomize the landlord.

The respondent repeatedly threatened Hilda Rivera with physical violence.

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [5], [7]).

The respondent represented Moises Cortez in the Supreme Court, Queens County, in or about August 1994. That matter appeared on the calendar before Judge Joan O'Dwyer on August 9, 1994. On that morning, the Judge adjourned the matter until the afternoon for the purpose of beginning jury selection. All parties were directed to return to the courtroom no later than 2:45 P.M. At approximately 4:00 P.M. on that day, a representative from the respondent's office submitted an affirmation of actual engagement signed by the respondent. That affirmation falsely stated that the respondent was actually engaged in the trial of *People v Gloria Garces* in the Supreme Court, New York County, before the Honorable Leslie Crocker Snyder.

In actuality, *People v Gloria Garces* was not tried before Justice Snyder on August 9, 1994.

Charge Four alleged that the respondent knowingly submitted false and erroneous information to the Grievance Committee during the course of an investigation, in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [5], [7]).

By letter dated December 16, 1994, the respondent submitted an answer to the complaint of Jerold Shapiro. That letter

falsely stated that Sanford Rozales, the complainant's nephew, was a disbarred attorney.

On the Attorney Information Form submitted to the Grievance Committee, the respondent falsely stated that he had never previously been the subject of a complaint which resulted in the imposition of a sanction. In fact, the respondent had previously been issued three separate admonitions by the First Department's Departmental Disciplinary Committee.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained Charges One, Three, and Four and the Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, we have considered our previous finding of mental incapacity and the respondent's subsequent efforts to rehabilitate himself.

Other than the psychiatric reports prepared by the court-designated medical experts, the respondent offered no medical evidence in support of his claim for mitigation.

Notwithstanding the respondent's attempts to attribute his misconduct to the stress he was under at the time, he was the recipient of two admonitions from the Appellate Division, First Department, both dated April 9, 1991, as well as one dated September 18, 1990. Those admonitions were predicated upon excessive fees charged by the respondent in bail reduction negotiations, threats made by the respondent to initiate corruption investigations of various Judges and attorneys, and threats to report his clients to the Immigration and Naturalization Service for deportation.

Under the totality of circumstances, the respondent is disbarred for his professional misconduct.

MANGANO, P. J., BRACKEN, S. MILLER, RITTER and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Sergio Linietsky, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Sergio Linietsky is commanded to desist and refrain

from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.